# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE WHALEN, | Case No. 1:14-cv-01865-LJO-SAB |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | ORDER THAT RESPONDENT'S COUNSEL SHOW CAUSE WHY MONETARY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO OBEY COURT ORDERS |
| WARDEN, California State Prison at San Quentin, | |
| Respondent. | Deadline to Respond: May 14, 2015 |

A telephonic case management conference in this action was scheduled for May 11, 2015 at 10:30 a.m. before the undersigned. Petitioner's counsel, Assistant Federal Defender Brian Abbington, appeared at the conference. Respondent's counsel, Deputy Attorney General Catherine Nieto, did not appear at the conference.

The parties also were ordered to file confidential case evaluations prior to the May 11 conference. Petitioner's counsel complied. Respondent's counsel did not comply.

The Court has inherent power to sanction parties or their attorneys for improper conduct. <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 43-46 (1991); <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 766 (1980); <u>Fink v. Gomez</u>, 239 F.3d 989, 991 (9th Cir. 2001). District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions". <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

Respondent's counsel neither appeared for the May 11 case management conference, nor filed the pre-conference case evaluation. Respondent's counsel did not contact the Court regarding the non-compliance with these Court ordered requirements. Petitioner's counsel incurred unnecessary costs and attorney time to prepare for and appear at the May 11 case management conference.

Accordingly, the Court will order Respondent's counsel to show cause why sanctions should not be imposed to reimburse Petitioner's counsel for reasonable costs and attorney time relating to the May 11 conference.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Respondent's counsel shall SHOW CAUSE why sanctions should not be imposed for failing to obey the Court's orders regarding the May 11, 2015 phase I case management conference and related case evaluation,

2. Respondent's counsel shall file a written response to this order to show cause no later than **Thursday, May 14, 2015,** or waive any entitlement to show cause; and

3. The Court, upon review of Respondent counsel's written response or upon a failure to respond, may order a show cause hearing regarding prove up and imposition of sanctions.

IT IS SO ORDERED.

Dated:   **May 11, 2015**                                   _____
                                                            UNITED STATES MAGISTRATE JUDGE