# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE WHALEN,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN, California State Prison at San Quentin,<br><br>    Respondent. | Case No. 1:14-cv-01865-LJO-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER GRANTING PETITIONER'S MOTION FOR EQUITABLE TOLLLING<br><br>(ECF No. 30)<br><br>ORDER MODIFYING SCHEDULING ORDER AND CONTINUING CASE MANAGEMENT CONFERENCE<br><br>(ECF No. 26)<br><br>Continued Case Management Conference<br><br>Date: April 29, 2016<br>Time: 10:00 a.m.<br>Department: 9<br>Judge: Hon. Stanley A. Boone |

    Before the Court is Petitioner's August 3, 2015 motion equitably to toll the limitations deadline under 28 U.S.C. § 2244 for filing his federal habeas petition from November 12, 2015 to February 2, 2016. Respondent filed his opposition to the motion on August 12, 2015. Petitioner replied to the opposition on September 2, 2015.

    The scheduled hearing on the motion has been vacated and the motion referred to the undersigned. Based on the facts of this case and controlling law, the motion is amenable to

decision without a hearing. For the reasons set forth below, the Petitioner's motion will be granted and the related scheduling order modified.

## I.

## BACKGROUND

Petitioner was convicted of capital murder and sentenced to death on June 24, 1996. On February 14, 2013, the California Supreme Court affirmed the conviction and sentence on direct appeal. The Supreme Court denied Petitioner's writ of certiorari on October 7, 2013. The California Supreme Court summarily denied Petitioner's state habeas petition on November 12, 2014.

On November 21, 2014, petitioner initiated these federal proceedings by filing a motion for appointment of counsel. This Court granted the motion on December 4, 2014, requesting that the Selection Board recommend qualified counsel. On February 11, 2015, the Selection Board recommended that current counsel, the Office of the Federal Defender - Capital Habeas Unit, be appointed to represent Petitioner. On February 13, 2015, the Court appointed recommended counsel and set an initial case management conference. On May 27, 2015, the Court issued an order following case management conference, making certain findings and scheduling proceedings including the November 12, 2015 deadline to file a federal petition.

## II.

## DISCUSSION

**A.     Legal Standards**

The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one year statute of limitations for filing a federal habeas corpus petition running from "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is statutorily tolled during the time that "a properly-filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

A litigant may seek equitable tolling of the one year limitation period. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The party asserting equitable tolling bears the burden

of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010); Espinoza-Matthews v. California, 432 F.3d 1021, 1026, n.5 (9th Cir. 2005), citing Pace, 544 U.S. at 418; see also Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly V), 163 F.3d 530 (9th Cir. 1998), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003) (finding the one year statute of limitations under 28 U.S.C. § 2244(d) is not jurisdictional and subject to pre-petition equitable tolling if "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time).

Equitable tolling of AEDPA's time bar "is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Florida Dept. of Corr., 742 F.3d 473, 477 (11th Cir. 2014). Although equitable tolling will not be available in most circumstances, it may be appropriate where external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999). Among the factors courts have considered relevant in deciding the question of equitable tolling are the complexity of the legal proceedings and whether the state would suffer prejudice from the delay. See Hoyos v. Wong, Case No. 09cv0388 L(NLS) 2010 WL 596443, at **4, 5 (S.D. Cal. Feb. 16, 2010).

**B.     Summary of Arguments**

1.     Petitioner

Petitioner argues that he is entitled to equitable tolling because he has been diligent notwithstanding the 82 day delay between his request for counsel and the Selection Board's recommendation that prevents him from meeting the November 12, 2015 deadline to file his petition.

Specifically, Petitioner argues he cannot met the current petition filing deadline because his right to appointed capital habeas counsel was denied during the period of delay; the record in this case is voluminous and complex; he has not obtained all Petitioner's files and records despite reasonable efforts; and due to the failures of his prior counsel, current counsel have

been tasked with locating and investigating previously unidentified family and friends and based thereon preparing and presenting new (unexhausted) claims in mitigation.

### 2. Respondent

Respondent disagrees, arguing that Petitioner has not made a sufficient showing of extraordinary circumstances entitling him to equitable tolling.

Specifically, Respondent argues that Congress did not provide or intend that a delay in appointment of counsel would toll the AEDPA statute of limitations; the instant 82 day delay is a minor issue given that Petitioner was continuously represented during the preceding sixteen years of collateral review; the existence of unidentified mitigating evidence and unexhausted claims is not supported by a particularized showing and is contrary to Petitioner's expressed preference at trial that the death penalty be imposed without mitigating testimony from his family; and state habeas counsel presumptively obtained all records relevant to mitigation.

## C. Analysis

Under AEDPA, the current deadline for Petitioner to file his federal petition is November 12, 2015, i.e. one year from the date the California Supreme Court denied his habeas petition. 28 U.S.C. § 2244(d)(2). His instant motion seeks to extend that deadline to February 2, 2016 based on the noted delay in appointment of counsel. The motion will be granted and the related scheduling order modified for the following reasons.

### 1. Equitable Jurisdiction

The Court has jurisdiction to consider Petitioner's motion. It is well-established that a capital habeas petitioner may initiate a federal habeas proceeding by filing a motion for appointment of counsel, as was done here. McFarland v. Scott, 512 U.S. 849, 856–57 (1994).

The Ninth Circuit has approved the grant of equitable tolling in pre-petition cases such as this one. See e.g., Beeler, 128 F.3d at 1288-89 (finding the statute of limitations under 28 U.S.C. § 2244(d) is not jurisdictional and subject to pre-petition equitable tolling); McFarland, 512 U.S. at 856-57 (finding district court has pre-petition jurisdiction to appoint counsel and

1  stay execution). This is appropriate given that preparation of a capital habeas petition is a
2  substantial undertaking, which much include all potential claims. See 28 U.S.C. § 2244.
3       Respondent does not demonstrate, or even argue, the absence of equitable jurisdiction.
4       2.     <u>Diligence</u>
5       The Court finds that Petitioner has alleged facts demonstrating diligence. Equitable
6  tolling requires "reasonable diligence," not "maximum feasible diligence." <u>Holland</u>, 130 S. Ct.
7  at 2565; <u>see</u> <u>also</u> <u>Roy v. Lampert</u>, 465 F.3d 964, 973 (9th Cir. 2006) (a petitioner must
8  demonstrate reasonable diligence in attempting to file after the extraordinary circumstances
9  began); <u>Doe v. Busby</u>, 661 F.3d 1001, 1015 (9th Cir. 2011) (the effort required is what a
10 reasonable person might be expected to deliver under his or her particular circumstances).
11      Petitioner timely sought state collateral review. (See ECF No. 30 at 4:7-15, 14:1-3.)
12 He requested appointment of federal habeas counsel nine (9) days following the California
13 Supreme Court's denial of his habeas petition. His counsel filed the instant motion prior to the
14 current petition filing deadline, when it became apparent that, notwithstanding their efforts,
15 more time was required to prepare the petition. <u>See</u>, e.g., <u>Hoyos</u>, 2010 WL 596443 at *4
16 (equitable tolling granted for seven month delay in appointment of counsel where petitioner
17 diligent sought appointment of counsel a mere 8 days after the statute of limitations began to
18 run); <u>Pollock v. Martel</u>, No. 4-5-cv-1870-SBA, 2012 WL 174821, at *2 (N.D. Cal. Jan. 20,
19 2012) (equitable tolling granted for delay in appointment of counsel extending a year beyond
20 expiration of the limitations period where record voluminous and issues complex and petitioner
21 was diligent in seeking appointment of counsel within 8 days after the statute of limitations
22 began to run).
23      The Court rejects Respondent's argument that, under the Fifth Circuit case <u>Lookingbill</u>
24 <u>v. Cockrell</u>, 293 F.3d 256 (5th Cir. 2002), Petitioner was not diligent by failing to pursue the
25 petition pro se pending appointment of counsel. That court found a request for appointment of
26 federal habeas counsel insufficient to toll the federal statute of limitations. 293 F.3d at 263.
27 Respondent cites <u>Lookingbill</u> and suggests that Petitioner could have pursued his claims pro se
28 during the delay in appointment of counsel. However, <u>Lookingbill</u>, to the extent it considered

5

equitable tolling, preceded and did not apply Holland to facts such as those present here, where the absence of federally appointed counsel is shown to prevent timely preparation of a comprehensive federal petition.

### 3. Extraordinary Circumstances

The Court is persuaded that, for the reasons discussed below, Petitioner has demonstrated extraordinary circumstances supporting equitable tolling, i.e., that the delay in appointing counsel was beyond Petitioner's control and prevents investigation and filing of a comprehensive federal petition by the current November 12, 2015 deadline.  See McCleskey v. Zant, 499 U.S. 467, 498 (1991) (a "petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition.").

**a.     Assistance of Counsel**

Petitioner has a right to the assistance of appointed habeas counsel in preparing the petition.  18 U.S.C. § 3599(a)(2); McFarland, 512 U.S. at 857-58; Dennis v. Woodford, 65 F. Supp. 2d 1093, 1097 (N.D. Cal. 1999); see also Local Rule 191(c).  It follows that,

> [A] capital habeas petitioner is generally entitled to equitable tolling during the time that a court is seeking counsel to represent the petitioner because the lack of appointed counsel is an extraordinary circumstance beyond the petitioner's control that often makes it impossible for a petitioner to file an otherwise timely petition that has been prepared with the assistance of counsel.

Stanley v. Martel, Case No. 3-07-cv-4727-EMC, 2011 WL 3154792, at *1 (N.D. Cal. July 26, 2011); accord see Cruz v. Chappell, Case No. 13-cv-02792-JST, 2014 WL 693595, at *2 (N.D. Cal. Feb. 21, 2014) (granting equitable tolling for 5 month delay in appointing capital habeas counsel where the delay prevented claim investigation and development and timely filing of petition); Kennedy v. Warden, No. 2:13-cv-02041-LKK-KJN, 2014 WL 1513371 at **7-11 (E.D. Cal. April 16, 2014) (granting equitable tolling for 4 month delay in appointing capital habeas counsel where the delay prevented timely filing of petition); Doolin v. Cullen, No. 1:09-cv-01453-AWI, 2010 WL 3943523 at **2-3 (E.D. Cal. Oct. 1, 2010) (granting equitable tolling for 7 month delay in appointing replacement counsel where the delay prevented timely

filing of petition); San Nicolas v. Ayers, No. 1:06-cv-00942-LJO, 2007 WL 763221 at *6 (E.D. Cal. March 9, 2007) (188 day delay in appointment of habeas counsel is basis for equitable tolling where the delay made filing of a comprehensive petition impossible).

Petitioner's request for assistance from counsel was delayed the noted 82 days through no fault of his own. For this reason and those discussed below, he was effectively unable to prepare the petition during the period of delay. See e.g., McFarland, 512 U.S. at 855-57 (given the complex nature of capital habeas proceedings and the seriousness of the possible penalty, an attorney's assistance in preparing a federal habeas corpus petition is crucial and includes a right for that counsel meaningfully to research and present a defendant's claims); cf. Dennis, 65 F. Supp. 2d at 1097 (denying without prejudice petitioner's motion for equitable tolling based on nine month delay in appointing counsel where petitioner failed to make a factual showing as to why the petition could not be prepared in the remaining three months).

The Court rejects Respondent's conclusory suggestion that 82 days without counsel is a "minor" consideration. Respondent makes no effort to address Petitioner's moving proffer. Respondent's cited Lawrence v. Florida, 549 U.S. 327 (2007), which involved a 28 U.S.C. § 2244(d)(2) claim of equitable tolling for a pending certiorari petition at a point in proceedings where the petitioner had no right to appointed counsel, is distinguishable on its facts. Likewise unavailing is Respondent's reliance upon Jihad v. Hvass, 267 F.3d 803 (8th Cir. 2001), a non-death penalty habeas case where there was no federal right to appointed counsel and the alleged extraordinary circumstances arose prior to filing of petitioner's state habeas petition.

Respondent's further argument based on Lookingbill, that Petitioner could have proceeded pro se pending appointment of federal habeas counsel, is unavailing for reasons discussed above.

### b. Investigation and Presentation of New (Unexhausted) Claims

Petitioner's claim investigation and development is continuing. Petitioner's trial counsel and state habeas counsel, in developing a mitigation defense, were unable to locate certain members of his family. (See ECF No. 30 at 3:3-4:1, 14:1-3.) His current counsel have renewed these efforts and located and interviewed numerous family members and gleaned

documents and materials from some of them. (Id.) These efforts are ongoing. (Id.; ECF No. 30 at 11:10-20, 14:1-3.) Based thereon, counsel anticipate adding new (unexhausted) habeas claims to the federal petition they are preparing. (Id.) To this argument, the Court notes that following the case management conference, it found only limited discovery and factual development had taken place during state proceedings. (ECF No. 26 at 1:27-28.)

Respondent's argument that Petitioner, during trial proceedings, chose not to present mitigation evidence from his family members does not controvert Petitioner's above showing of exceptional circumstances or demonstrate unavailability of equitable tolling under ADEPA, but rather goes to the merits.

The Court also rejects Respondent's further contention that, pursuant to Lookingbill, Petitioner is able to present within the current deadline those claims that have already been exhausted. As noted, appointed counsel is chargeable with investigating and presenting a comprehensive petition, not one limited to exhausted claims. Lookingbill is not authority otherwise.

### c. Incomplete Record Assembly

Record assembly is incomplete. Petitioner's current counsel require, but have not yet obtained, crime scene records from local law enforcement that were available to trial counsel (ECF No. 30 at 10:11-28, 14:1-3); documents and materials referenced in the trial record but missing from the files of state habeas counsel, (id. at 10:28-11:9, 14:1-3); Petitioner's juvenile court records (id. at 11:21-26, 14:1-3); and prison records pre-dating the instant crimes (id. at 11:27-12:14, 14:1-3). This has prevented Petitioner's counsel from reviewing these materials and pursuing any expert input necessary to preparing the petition (id. at 12:15-23, 14:1-3).

Contrary to Respondent's assertion, the Court finds no sufficient basis to presume that records allegedly unobtained are presently available from state habeas counsel.

### d. Voluminous Records

Petitioner's newly appointed counsel have yet to review voluminous portions of the record. The preliminary hearing transcript exceeds 190 pages, (ECF No. 30 at 9:12-17, 14:1-

3); the Reporter's Transcript exceeds 2500 pages, (id.); the Clerk's Transcript exceeds 6000 pages (id.); and the state habeas petition exceeds 400 pages, (ECF No. 30 at 9:18-20, 14:1-3).

Furthermore, materials underlying non-record issues have not yet been reviewed by Petitioner's counsel. (ECF No. 30 at 9:19-23, 14:1-3.)

Respondent makes no showing or argument otherwise.

### e. Complex Issues and Claims

The exhausted and unexhausted issues and claims in this proceeding are complex. The state habeas petition contains 17 claims including dozens of subclaims. (ECF No. 30 at 9:18-20, 14:1-3.) Investigation, development and presentation of approximately 18 of these claims and subclaims relating to voir dire and jury selection has been impacted by a state court order precluding contact with trial jurors. (Id. at 9:24-10:3, 14:1-3.) Furthermore, the investigation, development and presentation of approximately 18 subclaims relating to trial counsel's performance has been impacted by heretofore unsuccessful efforts to obtain a complete copy of trial counsel's file. (Id. at 10:4-11, 14:1-3.)

Respondent argues in opposition that Congress did not intend tolling arising from unrepresented capital petitioners. Yet he does not point to any authority that equitable tolling under ADEPA is unavailable on the instant facts. This argument is rejected for this reason and those discussed above. The Court finds that any decision by Congress not to provide for statutory tolling during the pendency of a request for appointment of counsel does not preclude equitable tolling in this case.

Respondent also points out that Petitioner's counsel, at the May 26, 2015 case management conference, agreed that this case is not "especially complex" (ECF No. 26 at 1:26) and that equitable tolling did not then appear necessary (id. at 2:22-23). However, for the reasons discussed above, such statements by recently appointed counsel are not alone a basis for denying the equitable relief sought.

The Court is persuaded that the requested extension of time should be granted to ensure complete review of the record and preparation of a comprehensive petition.

### f. Prejudice to Respondent

There is no reason to believe that Respondent will suffer prejudice from the relatively short delay that a grant of equitable tolling would entail. Nothing suggests the requested extension of time will significantly impact the ability of Respondent to oppose any challenges raised by Petitioner to the underlying 1996 judgment.

Respondent, in his opposition, does not point to facts showing prejudice. He makes no argument that he failed to receive notice of Petitioner's intention to seek federal habeas relief, or that his ability to defend the case has been prejudiced.

### 4. Amendment to Scheduling Order

Because the Court is extending the time for the Petitioner to file a federal habeas petition, the Court finds good cause to modify the May 27, 2015 scheduling order to extend scheduled post-petition events, as provided below.

## III.

## ORDER

For the reasons stated, it is HEREBY ORDERED that Petitioner's motion for equitable tolling (ECF No. 30) is GRANTED, such that:

1. Petitioner shall file his finalized petition for writ of habeas corpus on or before February 2, 2016, counsel for Petitioner shall include with the federal petition any request for stay and abeyance under Rhines v. Weber, 544 U.S. 269 (2005),

2. Any second state petition on Petitioner's behalf presenting unexhausted claims to the California Supreme Court also should be filed on or before February 2, 2016,

3. Respondent shall file any opposition to stay and abeyance and/or motion to dismiss, or answer to the federal petition, on or before April 8, 2016,

4. The case management conference set for January 29, 2016 at 10:00 a.m. is continued to April 29, 2016, at 10:00 a.m., in Department 9 before the Honorable Stanley A. Boone, counsel shall appear telephonically and are

directed to contact the Courtroom Deputy Clerk for Department 9, Ms. Mamie Hernandez, to obtain the teleconference code, and

5. Except as modified, the May 27, 2015 scheduling order (ECF No. 26) continues in full force and effect.

IT IS SO ORDERED.

Dated: **September 12, 2015**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE