# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE WHALEN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>WARDEN, California State Prison at San Quentin,<br><br>　　　　Respondent. | Case No.  1:14-cv-01865-LJO-SAB<br><br>**DEATH PENALTY CASE**<br><br>ORDER HOLDING FEDERAL PROCEEDINGS IN ABEYANCE DURING PENDENCY OF STATE EXHAUSTION PROCEEDINGS<br><br>(Doc. No. 42)<br><br>ORDER DENYING AS MOOT RESPONDENT'S MOTION FOR CLARIFICATION OF CONFLICTING DATES<br><br>(Doc. No. 43)<br><br>ORDER VACATING APRIL 29, 2016 CASE MANAGEMENT CONFERENCE<br><br>(Doc. No. 38) |

Before the court is petitioner's motion to hold these proceedings in abeyance while he exhausts the following claims included in his February 1, 2016 federal petition for writ of habeas corpus (Doc. No. 41): claim 8 (alleging prosecutorial misconduct and ineffective assistance of trial and appellate/habeas counsel relating to allegedly false testimony by co-

defendants), claim 21 (alleging prosecutorial misconduct and ineffective assistance of trial and appellate/habeas counsel relating to the prosecutor's vouching for his witnesses), claim 23 (alleging ineffective assistance at penalty phase) and claim 34 (alleging California's death penalty scheme is unconstitutional under the Eighth and Fourteenth Amendments).

These same claims are included in petitioner's January 27, 2016 second state petition for writ of habeas corpus pending with the California Supreme Court as claims 18-21 respectively (Case No. S232115).

Respondent filed opposition to the motion and petitioner filed a reply.

Based on the facts of this case and controlling law, the instant motion for stay and abeyance is amenable to decision without a hearing.

**I.**

**BACKGROUND**

Petitioner was convicted of capital murder (i.e., first degree murder during the commission of a robbery) and sentenced to death on June 24, 1996 in Stanislaus County. *People v. Whalen*, 56 Cal. 4th 1, 10-11 (2013). On February 14, 2013, the California Supreme Court affirmed the conviction and sentence on direct appeal. The Supreme Court denied Petitioner's writ of certiorari on October 7, 2013. *Whalen v. California*, 134 S. Ct. 183 (2013). Petitioner's first state petition for writ of habeas corpus was denied by the California Supreme Court on November 12, 2014 (Case No. S157184).

On November 21, 2014, petitioner initiated these federal proceedings by filing a motion for appointment of counsel. This court granted the motion on December 4, 2014, requesting that the Selection Board recommend qualified counsel. On February 11, 2015, the Selection Board recommended that current counsel, the Office of the Federal Defender - Capital Habeas Unit, be appointed to represent petitioner. On February 13, 2015, the Court appointed recommended counsel.

On May 27, 2015, the court issued its initial case management order, making certain findings and directing that petitioner file, by not later than November 12, 2015, (1) a complete federal petition, including any newly discovered unexhausted claims, (2) any second state

exhaustion petition to the California Supreme Court, and (3) any request for stay and abeyance of this proceeding under *Rhines v. Weber*.

On September 14, 2015, the court granted petitioner's motion to equitably toll the statute of limitations date from November 12, 2014 to February 2, 2016 based on the delay in appointing federal habeas counsel. In that order, the court also extended the above November 12, 2014 filing deadline to February 2, 2016, and set a case management conference for April 29, 2016 in Department 9 before United States Magistrate Judge Stanley A. Boone.

## II.

## DISCUSSION

The federal petition appears to be a "mixed" petition, containing both exhausted and unexhausted claims. Petitioner seeks to stay the action to allow him to fully exhaust all of his claims without suffering dismissal of his petition. Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. *See Rhines v. Weber,* 544 U.S. 269 (2005) (staying timely mixed petition); *Kelly v. Small,* 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition), *overruled on other grounds by Robbins v. Carey,* 481 F.3d 1143, 1149 (9th Cir. 2007).

Petitioner requests a stay under *Rhines,* which allows a district court to stay a mixed petition if the following conditions are met: (1) "the petitioner has good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. The Supreme Court has made clear that this option "should be available only in limited circumstances." *Id.* at 277. Moreover, a stay that is granted pursuant to *Rhines* may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. *Id.* at 277–78.

### A. Good Cause

Petitioner argues the good cause for his failure to exhaust claims 8, 21, and 23 is alleged ineffective assistance of trial and state appeal/habeas counsel. He argues that he could

not raise these unexhausted claims because then counsel had not discovered and developed the predicate evidence. He argues federal habeas counsel has since uncovered evidence supporting these unexhausted claims.

Petitioner argues the good cause for his failure to exhaust claim 34 is that the factual information supporting this claim did not exist when the direct appeal and first state habeas petition were filed.

The Supreme Court has explained that in order to promote the Anti–terrorism and Effective Death Penalty Act's ("AEDPA") twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances." *Rhines,* 544 U.S. at 277. *Rhines* does not explain what showing demonstrates "good cause" for a prior failure to exhaust.

However, the Ninth Circuit has stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under *Rhines. Blake v. Baker,* 745 F.3d 977, 982 (9th Cir. 2014). In *Blake,* the Ninth Circuit held that the *Rhines* standard for ineffective assistance of counsel-based claims is not any more demanding than the showing of cause under *Martinez v. Ryan,* ––– U.S. ––––, 132 S. Ct. 1309 (2012), to excuse state procedural default. *Blake,* 745 F.3d at 983–84. Previously, the Ninth Circuit had opined that "good cause" for failure to exhaust required something less than "extraordinary circumstances." *Jackson v. Roe,* 425 F.3d 654, 662 (9th Cir. 2005).

Several district courts have concluded that the good cause standard is more generous than the showing needed for "cause" to excuse a procedural default. *See, e.g., Rhines v. Weber,* 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This view finds support in *Pace v. DiGuglielmo,* where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition. 544 U.S. 408, 416-17 (2005).

However, in *Wooten v. Kirkland*, the Ninth Circuit ruled that petitioner did not show good cause by arguing that he was "under the impression" his counsel had raised all claims

before the state court of appeal. 540 F.3d 1019, 1024 (9th Cir. 2008). The Ninth Circuit explained that finding good cause in that argument "would render stay-and-abey orders routine" and "would run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" *Id.*

Here, petitioner has demonstrated good cause under *Rhines*. As in *Martinez,* petitioner did not have the benefit of a brief from counsel or a court opinion addressing the unexhausted claims. This court previously found the delay in appointment of habeas counsel constituted extraordinary circumstances (Doc. No. 38 at 6:5-11), suggesting good cause for failure to exhaust under the *Jackson* standard. *See* 425 F.3d at 662. Furthermore, the court previously acknowledged that federal habeas counsel anticipated adding new (unexhausted) claims because of the limited discovery and factual development that had taken place during state proceedings and the ongoing record assembly. (Doc. No. 38 at 7:25-9:5.)

The alleged ineffectiveness of trial and state post-conviction counsel combined with the delay in appointment of federal habeas counsel and consequent delay in investigation, development and presentation of the unexhausted claims, supported by facts in the record and proffered with the second state habeas petition show legitimate reasons that warrant delay of these proceedings while petitioner exhausts his claims in state court. *See also Isayev v. Knipp,* No. 2:12-cv-2551 KJN P. 2013 WL 4009192, at *3 (E.D. Cal. Aug. 2, 2013), *citing Mendoza v. Carey,* 449 F.3d 1065 (9th Cir. 2006) (inability of a habeas petitioner to read English, coupled with a lack of Spanish language legal materials and unavailability of translators constituted extraordinary circumstances entitled him to equitable tolling). Furthermore, petitioner's contention that the factual information necessary to support claim 34 did not exist when the direct appeal and first state habeas petition were filed is supported by the second state habeas petition and proffer. (*See* Doc. No. 42-1, Doc. No. 46, Attachments 1-10.)

Respondent's argument that counsel was not ineffective, but rather motivated by trial tactics and the weight of and inference from the evidence at trial, is unpersuasive at this early stage of the proceedings and does not preclude good cause under *Rhines*.

For the reasons stated, the court finds good cause under *Rhines* for petitioner's failure to exhaust claims 8, 21, 23, and 34 in his federal petition. *See Blake*, 745 F.3d at 982.

### B. Potentially Meritorious Claims

Petitioner argues claims 8, 21, 23 and 34 are colorable constitutional claims supported by relevant legal authority and that the allegations therein, if proven true, would show constitutional violations that impacted the outcome of the proceeding and entitle him to relief.

The Ninth Circuit has held that a federal court may deny an unexhausted claim on the merits only when it is clear that the petitioner does not raise even a colorable federal claim. *Cassett v. Stewart,* 406 F.3d 614, 624 (9th Cir. 2005). The court in *Cassett* noted that:

> [T]he principle of comity counsels in favor of a standard that limits a federal court's ability to deny relief under § 2254(b)(2) to circumstances in which it is perfectly clear that the petitioner has no hope of prevailing. A contrary rule would deprive state courts of the opportunity to address a colorable federal claim in the first instance and grant relief if they believe it is warranted. *Rose v. Lundy,* 455 U.S. 509, 515[ ] (noting that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act").

406 F.3d at 624.

Here, as to claims 8, 21 and 23, petitioner sufficiently alleges that trial counsel was ineffective in failing to object to and contest noted prosecutorial misconduct, and in failing to develop and present readily available mitigation. Petitioner refers to evidence in the record and proffered with the second habeas petition which if proven could show a right to relief. (*See* Doc. Nos. 42-1, 46 at Attachments 1-10; *Napue v. Illinois*, 360 U.S. 264, 269 (1959) [the knowing use of false or perjured testimony against a defendant to obtain a conviction is unconstitutional]; *United States v. Hermanek*, 289 F.3d 1076, 1098 (9th Cir. 2002) [prosecutor may not place the prestige of the government behind a witness by expressing his personal belief in the veracity of the witness or indicate that information not presented to the jury supports the witnesses's testimony]; *Strickland v. Washington*, 466 U.S. 668, 685–87 (1984) [petitioner must show that counsel's performance was deficient and that absent the deficiency there is a reasonable probability the result would have been different].)

The court is not persuaded by respondent's argument that claim 23 was previously exhausted. It appears that the bulk of the claim 23 allegations and evidence, including as to multi-generational mental state defenses, possible Fetal Alcohol Spectrum Disorder, long-term substance abuse and possible brain damage were not included in petitioner's first state habeas petition. (*See* Doc. No. 40-52 at 234-37.)[1] Furthermore, the state supreme court should be allowed to respond to respondent's arguments relating to state procedural bar. (*Id.*; *see also Cassett*, 406 F.3d at 624.)

Similarly colorable are the claim 8 and 21 allegations that state post-conviction counsel was ineffective. These claims allege prejudicially deficient performance and refer to evidence in the record and proffered with the second habeas petition which if proven could show a right to relief. (*See* Doc. Nos. 42-1, 46 at Attachments 1-10; *Strickland*, 466 U.S. at 685–87.)

The court also finds claim 34 to be colorable. Petitioner alleges factual information, not previously available, and contends that under evolving standards of decency capital punishment is cruel and unusual due to lack of reliability, arbitrariness and delay. He cites to the recent Supreme Court case *Glossip v. Gross*, 135 S. Ct. 2726, 2755, 2776-77 (2015) (Breyer, J., dissenting) and the "clearly established law upon which Justice Breyer relied." (Doc. No. 42 at 12:9-12.)

Respondent counters that the California Supreme Court repeatedly has found California's death penalty scheme constitutional, citing to that court's recent decision in *People v. Seumanu*, which found post-conviction delay in implementing capital sentencing was not so arbitrary as to violate the Eighth Amendment. 61 Cal. 4th 1293, 1375 (2015). However, *Seumanu* was limited to what that court described as an inadequate record on direct appeal. *Id.*, at 1372. Moreover the *Seumanu* court, though noting *Glossip* in discussing alleged unconstitutional delay in implementation of capital punishment, did not consider all the new factual allegations included in the instant claim 34. *See Seu*manu, 61 Cal. 4th at 1368.

---

[1] Reference is to internal (footer) pagination.

For the reasons stated, the court is not persuaded for purposes of the instant motion that the state supreme court has analyzed and rejected the claim 34 allegations. Here again, the state supreme court should be allowed to respond to respondent's arguments relating to state procedural bar. *See Cassett*, 406 F.3d at 624.

Respondent's remaining arguments against colorable claims, that counsel was not ineffective but rather motivated by trial tactics and that the claims are not potentially meritorious given allegedly inconsistent evidence, are more appropriately reserved for merits disposition. These arguments do not demonstrate at this early stage that the exhaustion claims are not colorable.

Accordingly, claims 8, 21, 23 and 34 are not plainly meritless under *Rhines's* second prong.

**C.  Diligence**

Petitioner argues that he did not engage in intentional delay, and that once federal habeas counsel was appointed it took time to obtain and review the record and counsel's files. He points out that his development and presentation of the unexhausted claims in both the federal petition and the second state exhaustion petition occurred within the statutory limitations period as equitably tolled, and less than one year following the appointment of federal habeas counsel. All this, he maintains, shows diligence in pursuing underlying federal rights.

The court agrees. The initial case management order found that only limited discovery and factual development had taken place during state proceedings. (*See* Doc. No. 26 at 1:27-28.) Furthermore, in its order granting equitable tolling, the court determined that petitioner had diligently pursued his federal rights; that the delay in appointment of federal habeas counsel prevented his preparation of a comprehensive federal petition including exhausted and unexhausted claims; and that the delay in appointment of federal habeas counsel constituted extraordinary circumstances. (*See* Doc. No. 38 at 5:5-6:11.) Moreover, "when petitioner has good cause for the failure to exhaust, it likely would be an abuse of discretion for a district

court to deny a stay." *Lugo v. Kirkland*, C 05-0580 JF, 2006 WL 449130 at *4 (*citing Rhines*, 125 S. Ct. at 1535).

Respondent's argument that petitioner has not shown diligence is rejected as conclusory.

For the reasons stated, there is no indication that petitioner intentionally engaged in dilatory litigation tactics. Furthermore, he is diligently pursuing his claims at the present time, having filed his second state exhaustion petition.

### D. Conclusions

The court having considered the three *Rhines* factors finds that petitioner has good cause for his failure to exhaust, his unexhausted claims are not plainly meritless, and there is no indication that he engaged in intentionally dilatory litigation tactics. Petitioner is entitled to have his federal petition stayed pending exhaustion of the potentially meritorious claims in the California Supreme Court.

Respondent's February 23, 2016 motion for clarification of conflicting dates relating to briefing and hearing of petitioner's stay and abeyance request (*see* Doc. No. 43) was resolved by the court's February 24, 2016 order vacating hearing and modifying scheduling order (*see* Doc. No. 44). The motion for clarification shall be denied as moot.

The case management conference set for April 29, 2016 (*see* Doc. No. 38) shall be vacated in light of the stay granted herein.

## III.

## ORDER

For the reasons stated, it is HEREBY ORDERED that:

1. Petitioner's motion for stay and abeyance (Doc. No. 42) is GRANTED, such that these proceedings are held in abeyance while petitioner exhausts his heretofore unexhausted federal claims 8, 21, 23 and 34.

2. Respondent's motion for clarification of conflicting dates (Doc. No. 43) is DENIED as moot.

3. The case management hearing set for April 29, 2016 in Department 9 before the Honorable Stanley A. Boone (Doc. No. 38) is VACATED.

4. Petitioner is directed to file a report of the status of state exhaustion proceedings quarterly beginning July 1, 2016, and to file a report of claim disposition within fifteen (15) days of the state supreme court's decision thereon.

IT IS SO ORDERED.

Dated:  **April 19, 2016**         /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE