UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE WHALEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, California State Prison at San Quentin,<br><br>Respondent. | Case No. 1:14-cv-01865-LJO-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER UPON STIPULATION TEMPORARILY LIFTING STAY IN ORDER TO PERPETUATE TESTIMONY<br><br>(Doc. No. 51) |

Before the court is the parties' stipulation filed January 30, 2017, to temporarily lift stay and abeyance for state exhaustion in order to perpetuate by oral deposition the testimony of mitigation witness Judy Evans.

I. BACKGROUND

Petitioner was convicted of first degree murder during the commission of a robbery and sentenced to death on June 24, 1996 in Stanislaus County Superior Court Case No. 025297. (*See* Doc. No. 40-5 at AG000905-AG000909.) On February 14, 2013, the California Supreme Court affirmed the conviction and sentence on direct appeal. *People v. Whalen*, 56 Cal. 4th 1 (2013). The Supreme Court denied petitioner's writ of certiorari on October 7, 2013. *Whalen v. California*, 134 S. Ct. 183 (2013). Petitioner's first state petition for writ of habeas corpus was denied by the California Supreme Court on November 12, 2014. *In re Whalen*, California Supreme Court Case No. S157184.

On November 21, 2014, petitioner initiated these federal proceedings by filing a motion for appointment of counsel. (Doc. No. 1.) This court granted the motion on December 4, 2014, requesting that the Selection Board recommend qualified counsel. (Doc. No. 5.) On February 11, 2015, the Selection Board recommended that current counsel, the Office of the Federal Defender - Capital Habeas Unit, be appointed to represent petitioner. (Doc. No. 11.) On February 13, 2015, the Court appointed recommended counsel. (Doc. No. 12.)

On February 1, 2016, petitioner filed his petition for writ of habeas corpus in these proceedings. (Doc. No. 41.)

On April 19, 2016, the court ordered these proceedings held in abeyance while petitioner exhausts certain claims included in his federal and second state habeas petitions including claimed ineffective assistance of counsel at the penalty phase. (Doc. No. 47); *see also Whalen (Daniel Lee) on HC*, California Supreme Court Case No. S232115. The California Supreme Court has requested informal briefing from the parties. The second state habeas petition remains pending in the California Supreme Court. (Doc. No. 50.)

## II. DISCUSSION AND ORDER

Petitioner's claim of ineffective assistance at the penalty phase includes allegations that trial and post-conviction counsel failed to discover mitigating evidence then available from Ms. Evans, petitioner's sister. Therein he claims that notwithstanding defense investigator testimony at trial that a family historian for petitioner could not be found, *see Whalen*, 46 Cal. 4th at 23, Ms. Evans was willing and able to act as family historian at the penalty phase, but was not asked to do so (Doc. No. 41 at 435-39).

In the instant joint request, petitioner's current counsel states recent notice that Ms. Evans suffers from early onset Alzheimer's disease. Counsel states that Ms. Evans's medical condition presents a risk her testimony will be lost if not preserved. Counsel represents that counsel for respondent, Deputy Attorney General Catherine Tennant Nieto, has consented to taking the deposition of Ms. Evans, provisionally set for March 15, 2017.

A habeas petitioner is not entitled to discovery "as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Neither should courts allow a petitioner to "use federal

discovery for fishing expeditions to investigate mere speculation." *Calderon v. United States Dist. Ct. for the Northern Dist. of Cal.* (*Nicolaus*), 98 F.3d 1102, 1106 (9th Cir. 1996). Generally, when a party requests discovery in a habeas proceeding, a district court regularly requires a showing of good cause. *See* Rule 6(a) foll. 28 U.S.C. § 2254 ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.")

To make such a determination, the court must consider all facets of a petitioner's claim and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. at 908-09, *quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969).

Additionally, Rule 27 of Federal Rules of Civil Procedure provides that the court may allow a deposition "if satisfied that perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3).

Here, petitioner demonstrates that Ms. Evans's expected testimony is material to his allegations of ineffective assistance at the penalty phase and that those unexhausted allegations are included in his federal petition. Petitioner further demonstrates that this testimony may become unavailable if it is not obtained soon. *See Penn Mutual Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995) (permitting deposition of elderly witnesses to preserve testimony). Significantly, respondent has joined in the requested relief.

For the reasons stated, the court finds good cause to preserve Ms. Evans's testimony by oral deposition. Fed. R. Civ. P. 27(c); *see also Calderon v. U.S. Dist. Court for Northern Dist. of California*, 144 F.3d 618, 621-22 (9th Cir. 1998) (finding good cause to perpetuate testimony concerning claim deleted from the federal petition and pending state exhaustion); *cf., Sherman v. McDaniel*, 333 F.Supp.2d 960, 969 (D. Nev. 2004) (federal habeas petitioner may not conduct discovery without a showing that "[H]e has exhausted in state court, and has not procedurally defaulted, the claims on which his proposed discovery is based.").

Accordingly, the court GRANTS the parties' joint request (Doc. No. 51) to temporarily lift the stay to allow preservation of Ms. Evans's testimony by oral deposition including

petitioner's issuance of notice of deposition and deposition subpoena. The deposition shall be scheduled by agreement of the parties. In scheduling the deposition, the parties shall make every attempt to accommodate Ms. Evans's wishes and any health concerns.

The stay imposed in this case on April 19, 2016, is lifted for the limited purposes of conducting the oral deposition of witness Judy Evans. At the conclusion of the deposition, this case will remain stayed, and will continue to be held in abeyance until federal proceedings resume at the conclusion of the pending state proceedings in this matter.

IT IS SO ORDERED.

Dated: **February 3, 2017**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE