# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE WHALEN,<br><br>Petitioner,<br><br>v.<br><br>RON BLOOMFIELD, Warden of the California State Prison at San Quentin,<br><br>Respondent. | Case No.  1:14-cv-01865-JLT<br><br>DEATH PENALTY CASE<br><br>ORDER (1) GRANTING PETITIONER'S UNOPPOSED MOTION TO SUBSTITUTE RESPONDENT, and (2) DIRECTING THE CLERK OF THE COURT TO SUBSTITUTE THE NAME OF WARDEN JENNIFER BENAVIDEZ FOR WARDEN RON BLOOMFIELD AS NAMED RESPONDENT |

On November 4, 2022, Petitioner Daniel Lee Whalen, through appointed counsel Assistant Federal Defenders Jennifer Mann and Brian Abbington, moved to substitute Jennifer Benavidez, the Warden of the California Medical Facility, as the Respondent in this action in place of Ron Bloomfield, the Warden of the California State Prison at San Quentin.

Counsel for Petitioner advise that counsel for Respondent, Deputy Attorney General Catherine Tennant Nieto, has no objection to the motion.

The Court, having reviewed Petitioner's motion, the record, and the controlling law, will grant substitution of Warden Jennifer Benavidez as named Respondent, as discussed below.

A petition for writ of habeas corpus by an applicant in custody under a state court judgment shall name as respondent the state officer who has custody.  28 U.S.C. § 2242; Rules

Governing § 2254 Cases, Rule 2(a); *see also* Fed. R. Civ. P. 25(d) (providing for the automatic substitution of a successor public officer for a predecessor public officer named as a party in an official capacity).   A failure to name the proper respondent destroys personal jurisdiction. *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir. 1994); *see also Johnson v. Reilly,* 349 F.3d 1149, 1153 (9th Cir. 2003) (the warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition).

Petitioner was incarcerated at San Quentin State Prison at the time the initial petition was filed.  (Doc. 4-1 at 1; Doc. 41 at 30.[1])  Petitioner named the warden of that institution as Respondent.  (Doc. 41 at 1.)  Counsel state that Petitioner now has been transferred to the California Medical Facility (hereinafter "CMF"),  and is in the custody of the warden of that institution, Jennifer Benavidez.  (Doc. 68 at 1-2.)  The Court takes notice that the official website of the California Department of Corrections and Rehabilitation  reflects: (i) CMF is located in Vacaville, California, (ii) the present warden of CMF  is Jennifer Benavidez, and (iii) Petitioner is presently incarcerated at CMF.  Fed. R. Evid. 201; *see* http://www.cdcr.ca.gov/facility-locator/cmf/, (last visited November 7,. 2022), http://inmatelocator.cdcr.ca.gov/Results.aspx, (last visited November 7,. 2022).

The Court's jurisdiction over this proceeding is unaffected by Petitioner's transfer to CMF.  Petitioner claims that in the course of the proceedings resulting in his conviction, he suffered violations of his Constitutional rights.  (Doc. 41 at 68-625.)  The challenged judgment was rendered by the Stanislaus County Superior Court of the State of California, which is located within the territorial jurisdiction of this Court.  (Doc. 41 at 30); 28 U.S.C. §§ 84(b), 2241(a)(d), and 2254(a); Local Rules for the Eastern District of California, Rule 191(f); *see also Francis v. Rison,* 894 F.2d 353, 354 (9th Cir.1990) (citing *Smith v. Campbell,* 450 F.2d 829, 834 (9th Cir.1971)) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.").

---

[1] Reference to page numbering is to CM/ECF system pagination.

1    Accordingly, Petitioner's motion to substitute Jennifer Benavides, the Warden of the

2  California Medical Facility, as Respondent in place of Ron Bloomfield, the Warden of San

3  Quentin State Prison (Doc. 68), is **GRANTED**.  The Clerk of the Court is directed to substitute

4  the name of Warden Jennifer Benavidez for Warden Ron Bloomfield as the named Respondent

5  in this action.

6

7  IT IS SO ORDERED.

8    Dated:   **November 8, 2022**

   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3